United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KEITHLEY SAMPSON, | No. C 05-3625 WHA (PR) |
| Petitioner, | **DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| LONNIE WATSON, Warden, | |
| Respondent. | |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254.  The court ordered respondent to show cause why the writ should not be granted.  Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court.  Petitioner has not filed a traverse.  For the reasons set forth below the petition is **DENIED**.

**STATEMENT**

A jury convicted petitioner of assault with a deadly weapon.  With a three-strikes enhancement he was sentenced to prison for thirty-one years to life.  His conviction was affirmed on direct appeal by the California Court of Appeal.  He did not petition for review to the California Supreme Court, but did exhaust this claim by way of a state habeas petition.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's

adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

///

2

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.   ISSUES PRESENTED**

As grounds for federal habeas relief, petitioner asserts that a 1986 conviction in Stanislaus County which was used to impeach him or enhance his current sentence was unconstitutionally obtained. In the Stanislaus County case petitioner had been granted permission to represent himself, but the next day repented and asked for counsel. The court denied the request, and petitioner declined to participate further in the trial. On direct appeal of the Stanislaus conviction the court of appeal agreed with the state's concession of error, in that the trial court did not conduct an appropriate inquiry into the request and there was nothing on the record indicating any impediment to appointment of counsel. *People v. Sampson*, 191 Cal. Appp. 3d 1409, 1417-19 (1987). The court of appeal affirmed, however, on grounds that the abuse of discretion was harmless (*ibid.*), and the supreme court denied review. The trial court here denied the motion to strike the 1986 conviction because that conviction had been affirmed on direct appeal (Exh. 6 (opinion of the California Court of Appeal) at 2).

The Supreme Court has determined that an expired conviction cannot be challenged in an attack upon the later sentence it was used to enhance. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (prior conviction cannot be challenged in a § 2254 petition); *Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (prior conviction cannot be challenged in a § 2255 motion). An exception to this rule exists, however, for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Coss*, 532 U.S. at 404; *Daniels*, 532 U.S. at 382. Because it appeared that

3

1  petitioner's claim might come under the exception, an order to show cause was issued.

2  Respondent contends that procedural default bars petitioner's claim that the Stanislaus
3  County conviction should not have been used to enhance the current sentence because he was
4  not represented by counsel in the Stanislaus case.

5  A federal court will not review questions of federal law decided by a state court if the
6  decision also rests on a state law ground that is independent of the federal question and
7  adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In
8  cases in which a state prisoner has defaulted his federal claims in state court pursuant to an
9  independent and adequate state procedural rule, federal habeas review of the claims is barred
10 unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the
11 alleged violation of federal law, or if he can demonstrate that failure to consider the claims will
12 result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. In order to establish
13 that a fundamental miscarriage of justice would result from an application of procedural default
14 a petitioner has to prove factual innocence. *Gandarela v. Johnson*, 275 F.3d 744, 749-50 (9th
15 Cir. 2002); *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001).

16 The state bears the burden of proving the adequacy of a state procedural bar. *Bennett v.*
17 *Mueller*, 296 F.3d 752, 763 (9th Cir. 2002). "Once the state has adequately pled the existence
18 of an independent and adequate state procedural ground as an affirmative defense, the burden to
19 place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by
20 asserting specific factual allegations that demonstrate the inadequacy of the state procedure,
21 including citation to authority demonstrating inconsistent application of the rule. Once having
22 done so, however, the ultimate burden is the state's." *Id.* at 762.

23 In the present case counsel objected to use of the Stanislaus conviction for sentence
24 enhancement on grounds the trial in 1986 was conducted in petitioner's absence after his
25 motion for counsel had been denied (Exh. 6 at 11 n.4). The court of appeal here concluded that
26 the right to counsel argument was waived (*ibid.*). Because the California courts are the final
27 expositors of California law, this Court must accept the state appellate court's conclusion that
28 the state's contemporaneous objection rule was not satisfied. *See Poland v. Stewart*, 169 F.3d

4

1  573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of
2  procedural rules; refusing to review state court's finding of procedural default).

3  That California's contemporaneous objection rule operates as a procedural bar has been
4  recognized by Ninth Circuit. *Davis v. Woodford*, 384 F.3d 628, 653-54 (9th Cir. 2004);
5  *Vansickel v. White*, 166 F.3d 953, 957-58 (9th Cir. 1999). The state appellate court held that
6  petitioner did not raise this claim contemporaneously in trial court and that it thus was barred,
7  so under *Bennett* the burden to show the inapplicability of the bar shifts to the petitioner. *See*
8  *Bennett*, 296 F.3d at 762. He has, however, not demonstrated the inadequacy of the state
9  procedure to serve as a bar, for instance by providing citations showing inconsistent application.
10 The claim is procedurally defaulted, so relief cannot be granted.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April  9 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\SAMPSON625.RUL.wpd